IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NERY MARTINEZ,

Plaintiff

v.                                            CIV. NO. 09-2265 (PG)

EAGLE GLOBAL LOGISTICS (CEVA),

Defendant.

**AMENDMENT TO OPINION AND ORDER**

Pending disposition by this Court is defendant CEVA's Motion to Alter Judgment or Amend the Court's previous Opinion and Order[1] under Fed. R. Civ. P. 59(e) and plaintiff Martinez's opposition. Dockets No. 88 and 89. For the reasons set forth below, the Court **GRANTS** CEVA's Motion and thus **DISMISSES WITH PREJUDICE** Martinez's claims under article 5-A of the Puerto Rico Worker's Compensation Act.

**I. Introduction**

On August 26, 2011 the Court entered an Opinion and Order (Docket No. 84) granting in part and denying in part defendant CEVA's Motion to Dismiss Claims under Rule 12(b)(6) (Docket No. 41). Therein, the Court dismissed plaintiff Martinez's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000 *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 *et seq.*; as well as her claims under the Fifth, Ninth, Tenth, and Fourteenth Amendments of the U.S. Constitution. The Court also dismissed Martinez's sex discrimination claim pursuant to Act No. 100 of June 30, 1959, P.R. LAWS ANN. tit. 29, § 146, *et seq*. ("Law 100") and Act No. 69 of July 6, 1985, P.R. LAWS ANN. tit. 29, § 1321, *et seq*. ("Law 69"), as well as her sexual harassment claim under Act No. 17 of April 22, 1988, P.R. LAWS ANN. tit. 29, § 155, *et seq*. ("Law 17"). Martinez's general tort claims under Articles 1802 and 1803 of Puerto Rico Civil Code were also dismissed.

---

[1] Docket No. 84.

As a result, Martinez's claims under the following acts remain: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (2) Article 5-A of the Worker's Compensation Act, Act No. 45 of April 18, 1935, P.R. LAWS ANN. tit. 11, § 1, *et seq.* ("Law 45"); (3) Act No. 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, § 194, *et seq.* ("Law 115"); (4) Act No. 44 of July 2, 1985, P.R. LAWS ANN. tit. 1, § 501, *et seq.* ("Law 44"); (5) Act No. 80 of May 30, 1976, P.R. LAWS ANN. tit. 29, § 185a, *et seq.* ("Law 80"); and (6) her age-based discrimination claim pursuant to Law 100.

CEVA has now filed a Motion under Rule 59(E) of the Federal Rules of Civil Procedure requesting this Court to reconsider its Opinion and Order and dismiss Martinez's claims pursuant to Law 45 on the theory that the same are time-barred. See Docket No. 88. Martinez has opposed said motion. See Docket No. 89. Upon careful consideration of the parties' motions, the Court hereby grants CEVA's Rule 59(E) Motion and thus dismisses with prejudice Martinez's claims under Law 45.

The Court outlines the relevant facts below and then proceeds to discuss the relevant legal issues. For a more detailed background on the facts, the Court refers the reader to its original Opinion and Order. Docket No. 84.

## II. Relevant Factual Background[2]

On December 13, 2006 Martinez went to the State Insurance Fund (SIF) and requested permission to go to work, as she was afraid to lose her job. On that same date, she informed Rosalyn Noriega, Operations Manager, that she might return to work the next day. Noriega then informed Martinez that she would be returning to a Customer Service Specialist position.

The next day, on December 14, 2006, Martinez was allowed to return to work. She was activated on the computer system at CEVA's headquarters in Texas so she could clock in and out. On December 19, 2006, Denise

---

[2] The Court draws these facts from the face of plaintiff's complaint.

Moore, Regional Human Resources Manager wrote a letter of verification stating that Martinez had returned to work on December 14, 2006.

After reporting to work on the morning of December 14, 2006, Noriega informed Martinez that she needed to change her schedule. Noriega later informed Martinez that her position would be Inside Sales Representative. Martinez's former position when she had left on August 15, 2006 was Customer Service Representative.

On December 18, 2006, Noriega contacted Martinez and informed her that she either had to accept an Inside Sales Representative or an Operations Specialist II position. Martinez claims that the job description for Operations Specialist II was different from her previous position as Customer Service Representative.

After some back and forth communications between Martinez and Noriega regarding Martinez's new duties and responsibilities at CEVA, Martinez returned to work on January 9, 2007. Nevertheless, she was sent home by Noriega. On January 11, 2007 Martinez sent an e-mail to Noriega, where she referenced her repeated requests to go back to her position as Customer Service Representative, but Noriega informed her that it was too late, that the positions had been posted and that if Martinez had not applied then there was nothing she could do.

On or around January 25, 2007, Emilio Acosta, a new Station Manager, called Martinez asking her to return to work to the Insides Sales Representative position. Martinez claims she finally accepted because she thought she had no other choice and was afraid to lose her job if she did not accept the position.

On January 25, 2007, Martinez filed a Disability and Age Discrimination Administrative Complaint before the Anti-Discrimination Unit of Puerto Rico (ADU) against CEVA. See Docket No. 46-1. Her charges were based on disability and age discrimination.

Almost three years later, on December 21, 2009, Martinez filed the instant action.

**III. Standard of Review**

Rule 59(e) of the Federal Rules of Civil Procedure preserves the district court's right to alter or amend a judgment after it is issued. Fed. R. Civ. P. 59(e). Motions to alter or amend an order or a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. See White v. New Hampshire Department of Employment, 455 U.S. 445, 451 (1982). The case law acknowledges the following four grounds that justify altering or amending an order or a judgment: (1) to incorporate an intervening change in law; (2) to reflect new evidence not available at the time of trial; (3) to correct a clear legal error; and (4) to prevent a manifest injustice. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F. 3d 607 (1st Cir. 2000); Zimmerman v. City of Oakland, 255 F. 3d 734 (9th Cir. 2001); and Servants of Paraclete v. Does, 204 F. 3d 1005 (10th Cir. 2000). Thus, for example, a Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. at 1012; See also Continental Casualty Co. v. Howard, 775 F. 2d 876 (7th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

### IV. Discussion

CEVA claims that Martinez's claims under Law 45 are time-barred under the applicable three-year statute of limitations as: (1) Martinez requested reinstatement on December 13, 2006, which is more than three years prior to the filing of her complaint; and (2) as Martinez's filing of an administrative claim before the ADU did not toll the prescriptive period. The Court agrees.

**A. The Reinstatement Date**

CEVA claims that Martinez asked reinstatement on December 13, 2006. This was the date in which Martinez claims that she informed Noriega of her possible intention to return to work the next day. Noriega then allegedly informed Martinez that she would be returning as a Customer Service Specialist. Martinez then returned to work the next day on December 14, 2006, but was told by Noriega that she would instead be

working as an Inside Sales Representative, a position that Martinez herself claims is different from her previous position as a Customer Service Representative.

It necessarily follows that the date in which Martinez requested reinstatement from her supervisors was December 13, 2006, and that she first became aware that she was not being reinstated to her previous position the next day, on December 14, 2006.[3]

The Puerto Rico Supreme Court has held that the applicable statute of limitations period for claims based on a failure to reinstate pursuant to article 5-A of Law 45 is three years. Velez Rodriguez v. Pueblo Int'l, Inc., 1994 P.R.-Eng. 909576; 135 D.P.R. 500 (1994). In Velez Rodriguez the plaintiff suffered a work-related accident and was treated for his injuries at the SIF. On February 28, 1989, the plaintiff requested his employer reinstate him to his prior position. The Supreme Court noted that plaintiff maintained communication with his employer under the belief that he would be reinstated, albeit that never happened. Two years and eight months later, on October 18, 1989, plaintiff filed the action in state court pursuant to article 5-A of Law 45. The Supreme Court on review established that his claim was not time-barred and held that "the period of limitations should begin to run on the day the employee seeks reinstatement and his employer refuses to reinstate him." Id., at 520. The Court then held that the three-year statute of limitations started to run on February 28, 1989, the date when plaintiff first sought reinstatement, despite plaintiff having found out later that he would not be reinstated.

Applying the holding of Velez Rodriquez to the instant case, the Court finds that the three-year statute of limitations began to run on December 13, 2006, the date when Martinez effectively requested reinstatement to Noriega. Although Martinez in her opposition argues

---

[3] This, assuming that the position of Customer Service Specialist, which was the one Martinez was informed she would be taking on December 13, is the same as the position of Customer Service Representative, which Martinez held on August 15, 2006, when she went on leave.

Case 3:09-cv-02265-PG   Document 91   Filed 10/21/11   Page 6 of 8
Civil No. 09-2265 (PG)                                              Page 6

that she was in "a sort of limbo" and that the failure to reinstate should be counted from January 25, 2007, when she unwillingly accepted the Inside Sales Representative Position and "finally knew for certain" that she would not be reinstated to the Customer Service Representative position, the Court believes the holding of Velez Rodriguez to be quite clear. Martinez's subjective mental state as to her belief that she might be reinstated later is irrelevant, since as early as December 14, 2006, she had notice that she would not be reinstated to her former position.

Thus the Court holds that the three-year statute of limitations period began to run on December 13, 2006.

**B. The Filing of the ADU Claim**

The Court must now determine whether Martinez's administrative complaint before the ADU effectively served as an extrajudical claim capable of tolling the applicable three-year statute of limitations period for Art. 5-A claims under the Worker's Compensation Act.

Article 1873 of the Puerto Rico Civil Code states that "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. LAWS ANN. tit. 31, § 5303. According to the Supreme Court of Puerto Rico, an extrajudicial claim tolls the statute of limitations as long as it presents the identical cause of action as the claim later presented in court. Cintron v. E.L.A., 127 D.P.R. 582, 592-93 (1990); see also Matos Ortiz v. Com. of Puerto Rico, 103 F.Supp.2d 59, 62 (D.P.R. 2000). Moreover, the relief requested in the extrajudicial claim must be the same relief that is later requested in court. See Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154 (1st Cir.1992). In other words, "to toll the statute of limitations the action must be the case at bar, and not merely a somewhat related action arising from the same facts." Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 320 (1st Cir. 1978).

In Srio del Trabajo v. Finetex Hosiery Co., 16 P.R. Offic. Trans. 1014, 116 D.P.R. 823 (1986), the Supreme Court of Puerto Rico held that

for an administrative charge to toll the statute of limitations for state law claims, the same must still meet the requirements of extrajudicial claims. There, the Court found that a charge filed before the Puerto Rico Department of Labor for discrimination under Law 100 interrupted the statute of limitations for said claim. The Court later clarified that its holding "was based on this principle of identity of purposes between the administrative and the judicial action for effects of tolling the statute of limitations." Cintron, supra, at 593.

In Cintron, however, the Supreme Court held that an administrative action before the Board of Appeals of the Personnel Administration System ("BAPAS"), did not toll the one-year statute of limitations that a wrongly removed employee had to recover for the damages resulting from said act. To that effect, the Supreme Court determined that the BAPAS is not empowered to grant damages, as its remedies are limited to reinstatement and back pay. In other words, "an action before BAPAS and an action before the courts do not pursue identical aims," hence, "in order to toll the statute of limitation in such cases, the government employee must go directly to the court with his actions of damages." Id. at p. 595.

The Court concludes that Martinez's charge before the ADU did not in effect toll the statute of limitations, because it did not qualify as an extrajudicial claim capable of doing so for purposes of Law 45 claims. Article 3 of the General Regulation of the Antidiscrimination Unit reads as follows:

> This Regulation will apply to the administrative proceedings before the Antidiscrimination Unit of the Department of Labor and Human Resources in the administration, investigation and resolution of claims under the following statutes: Law No. 100 of June 30, 1959, as amended; Law No. 69 of July 6, 1985; Law No. 17 of April 22, 1988; Law No. 53 of August 30, 1992. Docket No. 88-1.

In essence, the ADU is not empowered to hear, investigate or solve claims under Law 45--such unit's jurisdiction is limited to claims arising under the enumerated state statutes. Martinez's administrative charges before the ADU alleged that she was subject to discrimination on

account of her age, as well as her disability. Although, as the Court has already ruled, such charges did toll the one-year statute of limitations of her analogous claims under Law 100, they did not do the same as to her Law 45 claims, as the ADU had no jurisdiction to entertain them. Thus, there is no identity of purposes between Martinez's administrative charges and her later Law 45 claims asserted in this judicial action. Even when legal claims are actually raised in an administrative setting, they are not preserved for statute of limitations purposes if the agency in which they are raised is an inappropriate forum. Cintron, supra, at p. 595; see also Sánchez Ramos v. P.R. Police Dep't, 392 F.Supp.2d 167, 181 (D.P.R. 2005) ("for all practical purposes, a plaintiff that files an administrative complaint for several causes of action, tolls the statute of limitations for all the causes of action should the agency be able to provide him all the remedies sought against the defendants"); and Matos Ortiz, supra, at 62 (because the EEOC has no jurisdiction over claims brought pursuant to § 1983, a charge filed with the EEOC or Puerto Rico ADU cannot serve to toll the limitations period for a § 1983 claim).

Based on the foregoing, the Court concludes that Martinez's administrative claim before the ADU did not toll the three-year statute of limitations period applicable to her Law 45 claims.

### V. Conclusion

Given that Martinez requested reinstatement under Law 45 on December 13, 2006, which is more than three years prior to the filing of her complaint on December 21, 2009, the Court concludes that her claims under Law 45 are time-barred. Thus, the Court hereby amends its prior Opinion and Order dated August 26, 2011 (Docket No. 84) to reflect that Martinez's Law 45 claims have been **DISMISSED WITH PREJUDICE.**
**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 21, 2011.

**S/ JUAN M. PEREZ-GIMENEZ**
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**